# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NICOLE M. ORMSBY,**

      **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:11-cv-1262-Orl-22DAB**

**MICHAEL ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** July 29, 2011
> _____
>
> **THEREON** it is **respectfully recommended** that the motion be **DENIED, without prejudice, and the Complaint be dismissed** subject to amendment.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*,

939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark,* 915 F.2d at 639 (internal citation omitted). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action that is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

> The Supreme Court has noted:
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544] at 570, 127 S.Ct. 1955, [167 L.Ed. 2d 929, 2007]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*

*Ashcroft v. Iqbal ,* – U.S. – ,129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading

is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 550 U.S. 544, 555.

Applied here, Plaintiff, through counsel, has filed a bare bones Complaint (Doc. No. 1) which seeks no specific relief, asking only for "judicial review pursuant to 28 U.S.C. § 405(g) of an adverse decision" regarding benefits under the Social Security Act, and judgment "for such relief as may be proper." There is no allegation that the administrative decision (which is not otherwise identified by date of issuance[1] or in any other fashion) is erroneous or should be reversed, nor is there even a cursory allegation that Plaintiff is, in fact, entitled to the "benefits." Although a short and plain statement under Federal Rule 8 is required, the instant Complaint is too short and too plain to meet the pleading requirements of *Iqbal*. To the extent the Complaint seeks, at best, an advisory opinion, it does not plead a cause of action within the limited jurisdiction of the Court.

The Complaint is accompanied by the instant equally sparse motion to proceed in forma pauperis. The motion, which is almost illegible and is not on the appropriate form, indicates that Plaintiff is not employed, has no source of income from any source (including no public assistance), owns only a car worth $3,000 and a $25 savings account, and has monthly medical bills of at least $240 and two dependents. The motion does not state where Plaintiff lives and how she subsists with no income of any kind and such sparse assets.

Although the Complaint and the Affidavit are insufficient to allow pauper status, it is possible that both can be amended to cure the deficiencies noted herein. It is therefore **respectfully recommended** that the motion be **denied, without prejudice,** and the Complaint be **dismissed**, **without prejudice** to the filing of an Amended Complaint which states a viable cause of action, and

---

[1] Absent the appropriate factual detail the Court cannot determine whether the Complaint for review under Section 405(g) is timely filed.

the filing of a completed Affidavit for pauper status, on the appropriate form, both within 10 days of any Order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**RECOMMENDED** in Orlando, Florida on August 4, 2011.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy