**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NICOLE M. ORMSBY,**

        **Plaintiff,**

**-vs-**                                               **Case No. 6:11-cv-1262-Orl-DAB**

**MICHAEL ASTRUE, COMMISSIONER**
**OF SOCIAL SECURITY,**

        **Defendant.**

_____

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's denial of Plaintiff's application for social security disability insurance benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff filed an application for a period of disability and disability insurance benefits, alleging an onset date of August 1, 2005 (R. 176). The application was denied initially and upon reconsideration (R. 104-106, 123-135). Plaintiff requested and received a hearing before an administrative law judge ("the ALJ") (R. 40-88). On July 9, 2009, the ALJ issued an unfavorable decision (R. 107-117). Plaintiff requested and received Appeals Council review of the ALJ's decision (R. 153). On November 27, 2009, the Appeals Council vacated the ALJ's decision and remanded the case back to the ALJ for further proceedings (R. 118-122).

A supplemental hearing was held on July 26, 2010 (R. 89-103). On August 20, 2010, the ALJ issued another unfavorable decision (R. 11-26). The Appeals Council denied Plaintiff's request for review of that decision (R. 7-9), making the August 2010 decision the final decision of the Commissioner. Plaintiff timely filed the instant petition for review (Doc. No. 1), and the parties have

consented to the jurisdiction of the undersigned United States Magistrate Judge. This case is now ripe for review under 42 U.S.C. 405(g).

## Nature of Claimed Disability

Plaintiff claims to be disabled due to two bulging discs in her back, neck problems, depression, and anxiety (R. 192).

*Summary of Evidence Before the ALJ*

Plaintiff was thirty six years old at the time of the August 2010 decision, with a 12th grade education and past relevant work as a customer service representative, telemarketer, and retail sales cashier (R. 25-26, 176, 193-94, 197).

Plaintiff's pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes Plaintiff's testimony and that of her husband, testimony from a Vocational Expert, written forms and reports completed by Plaintiff, and opinions from non-examining consultants. By way of summary, the ALJ found that Plaintiff had the following impairments: history of lumbosacral sprain/strain and lumbago with residual back pain; costochondritis; fibromyalgia; and, obesity (R. 16), and the record supports this uncontested finding. The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, and determined that Plaintiff retained the residual functional capacity (the "RFC") to perform light work as defined in 20 CFR 404.1567(b), except she is unable to climb ladders, ropes or scaffolds, and is limited to occasional postural maneuvers (R. 19). The ALJ next determined that Plaintiff was capable of performing her past relevant work, and was therefore not under a disability at any time through the date of the decision (R. 25-26).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises the following issues for review: 1) whether the ALJ erred in failing to adequately consider Plaintiff's alleged mental health impairment; and 2) whether the ALJ improperly applied the pain standard in evaluating Plaintiff's alleged fibromyalgia impairment.

**The five step sequential evaluation**

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the ALJ determined the case at Step 4, finding that Plaintiff was capable of performing her past relevant work. Thus, at all times, Plaintiff had the burden of persuasion.

**Step Two**

Plaintiff's first objection is that the ALJ did not adequately consider her mental health impairments at step two of the evaluation. An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. § 404.1521.[1] An impairment or combination of impairments is "not severe" when medical or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20

---

[1] Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. *Rodriguez v. Astrue*, 2011 WL 486118, 3 (M.D. Fla. 2011) (internal citations omitted).

-4-

C.F.R. §§ 404.1521, 416.921. The ALJ has a duty to consider all impairments, both singly and in combination, when making an analysis of disability. 20 C.F.R. § § 404.1523 and 416.923.

A remand is required where the record contains a diagnosis of a severe condition that the ALJ failed to consider properly. *Vega v. Comm'r of Social Security,* 265 F.3d 1214, 1219 (11th Cir. 2001). A mere diagnosis, however, is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1211 (M.D. Ala. 2002). "The severity of a medically ascertained impairment must be measured in terms of its effect upon [a claimant's] ability to work and not simply in terms of deviation from purely medical standards of bodily perfection or normality." *Id., citing McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). A claimant has the burden of proof to provide substantial evidence establishing that a physical or mental impairment has more than a minimal effect on a claimant's ability to perform basic work activities. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). Thus, a "[c]laimant need show only that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir.1986).

Plaintiff asserts that the ALJ erred in "failing to develop the possibility of a mental impairment, despite the fact that the record contains information to suggest that such an impairment exists." (Brief at 8). This contention is without merit. The ALJ did not ignore Plaintiff's mental health issues. To the contrary, the ALJ set forth specific findings pertaining to these allegations, but determined that Plaintiff's depression and anxiety were not severe impairments (R. 16-18). This finding is supported by substantial evidence. As noted by the ALJ:

> Although the claimant was treated with medications for depression and anxiety by her primary care doctors, the medical evidence revealed that she has not had a history of

any mental health problems, she did not undergo treatment with a qualified mental health professional, and she did not have any psychiatric hospitalizations. (R. 17).

The ALJ evaluated Plaintiff's mental impairments in detail, considering the four broad functional areas set out in the disability regulations for evaluating mental disorders (R. 17-18). The ALJ found Plaintiff had only mild limitations in activities of daily living and in maintaining concentration, persistence, or pace. The ALJ further found that Plaintiff had no limitation in social functioning and no episodes of decompensation. The ALJ supported these conclusions with reference to the record, noting that Plaintiff could generally care for her personal needs, prepare simple meals, do light household chores, drive, shop, and handle money (R. 17-18, 203-208, 211-214). The ALJ further noted that Plaintiff maintained relationships with others, spent time with others, and had never been laid off or fired from any job due to difficulties getting along with others (R. 17-18, 204, 207-209, 217). Plaintiff read, watched television daily, and helped her children with homework (R. 18, 203, 207, 211- 215). The ALJ noted reports that Plaintiff generally finished what she started and followed instructions well (R. 18, 216). Despite her complaints of anxiety and depression, the treating physicians described Plaintiff as alert, pleasant and cooperative, and imposed no functionally limiting mental restrictions on her ability to work (R. 17-18, 310, 450-451). The ALJ also cited assessments provided by state agency psychologists, Dr. Weber and Dr. Hertz, who reviewed the medical evidence and opined that Plaintiff's anxiety and depression were non-severe mental impairments with only mild resulting limitations (R. 18, 386-399, 436-449). The ALJ's finding that Plaintiff's mental impairments were not severe at step two is amply supported.[2]

Moreover, while Plaintiff's burden at step two is light, "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment

---

[2] Plaintiff correctly contends that "there is no requirement of psychiatric hospitalization to show severity" and "nothing requires that a mental impairment be treated by a mental health professional." This is of no moment, however. Plaintiff has the burden of establishing that her mental impairment was nonetheless severe. As detailed by the substantial evidence above, she failed to do so.

or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987); *see also Heatly v. Comm'r of Soc. Sec.*, 382 Fed. Appx. 823 (11th Cir. 2010). Here, consistent with the regulations and applicable law, the ALJ credited Plaintiff with other severe impairments at step two and proceeded forward with the sequential evaluation. Thus, even if Plaintiff's mental impairments should have been included as severe at step two, the omission is only error if the ALJ subsequently failed to fully account for functional limitations arising from the impairments. Plaintiff has not shown this to be the case.[3]

**Pain and Credibility**

When a claimant attempts to establish disability through his or her own testimony of subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "If proof of a disability is based upon subjective evidence and a credibility determination is, therefore, critical to the decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Foote, supra*, 67 F.3d at 1562 (quotation omitted). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

---

[3]Plaintiff's contention that the ALJ did not account for the finding that she had mild limitation of her ability to complete tasks is without merit. The ALJ noted that Plaintiff "sometimes required reminders to take her medications and go places" but determined that Plaintiff had the ability to concentrate and focus and "generally finished what she started and followed instructions well." (R. 18). Plaintiff fails to identify any inconsistency between this finding and her ability to perform her past relevant work.

Here, after evaluating the evidence and testimony, the ALJ concluded that, although Plaintiff has underlying impairments that could reasonably be expected to produce the symptoms alleged, her statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible (R. 20-21). The ALJ specified her reasons for this finding; noting that Plaintiff has only received conservative treatment for conditions that did not deteriorate or worsen, as reflected by medically acceptable diagnostic findings or objective evidence (R. 21); Plaintiff did not comply with all treatment recommendations and treatment was limited and irregular (R. 21-22); and Plaintiff's statements contained numerous inconsistencies (R. 23).[4] Plaintiff does not challenge these findings, but argues that it is error to rely on a lack of objective evidence to discredit her allegations of disabling fibromyalgia.

The ALJ discussed Plaintiff's fibromyalgia impairment in detail and relied on the opinions of Plaintiff's treating providers, as noted in the treatment records. The ALJ found that Plaintiff was diagnosed with fibromyalgia, but treatment notes from Family Medicine revealed that she was prescribed with Motrin/Lyrica starting on April 10, 2009 (dosage and frequency unstated), with no specific findings regarding positive trigger points or other objective evidence following the initial diagnosis (R. 22). The ALJ discussed the treatment notes of the treating rheumatologist (R. 22-23, 466-468, 469-471). While neurological and musculoskeletal examinations in March 2009 revealed

---

[4] The ALJ provided several examples, all of which are supported by the record: "For example, although she testified that she was told by her doctors not to go on nightly walks, treatment records from Dr. Salach specifically recommended that she continue walking or start cardiovascular exercises or water aerobics (Exhibit llF/5). Although she testified that she could no longer take nightly walks at the initial hearing, the claimant subsequently testified in the last hearing that she continued to walk at night with her husband. Although she testified as to medications side effects from Percocet and Neurontin, these were unconfirmed by the medical record and by continued use. Although she testified that she has fallen (more than once) due to medication side effects, there are no emergency room treatment records. In fact, treatment records from the Royal Oaks Medical Group dated March 14, 2007 revealed that the claimant tripped over the dog and fell, hurting her mid-back (Exhibit 5F/3). She waited 2 days before seeking treatment; however, upon examination by John Flaherty, M.D., the claimant was not in distress, but only had some tenderness in the area. She was prescribed with Aleve twice daily, and alternately with Omeprazole over-the-counter in the event she had a stomach upset or if she needed to take it for more than one day. Dr. Flaherty's notes did not indicate that her fall was due to medication side effects. Accordingly, the claimant's statements have not been consistent. Although the inconsistent information provided by the claimant may not be the result of a conscious intention to mislead, the inconsistencies suggest that the information provided by the claimant may not be entirely reliable." (R. 23).

an antalgic gait and some distal motor weakness in the lower extremities, her joints were normal with *non-painful* range of motion (R. 466). Despite some puffiness and swelling in her hands, her upper extremity joints were also normal with *non-painful* range of motion, as was her lumbar spine (R. 466-67). On initial examination by a rheumatologist, the doctor noted "hysterical exam" and that Plaintiff "catastrophizes" (R. 469). Primary assessment was polyarthralgia, and the doctor noted that the exam was "suspect for pain amplification syndrome or fibromyalgia." (R. 470). Plaintiff was advised to avoid opiods or aggressive anti inflammatories and to continue walking or start an exercise or water aerobics program. *Id.*  There is no indication that her treating specialist in the area of fibromyalgia found her condition to be disabling, and no functional limitations were imposed. Indeed, the specialist urged *less* medication and *more* physical activity. The ALJ determined that these conditions were not as disabling as the claimant alleged, noting that they did not require special treatment or caused complications which required emergent care or hospitalization (R.22).

The Eleventh Circuit has recognized that fibromyalgia often lacks medical or laboratory signs and the impairment's hallmark is a lack of objective evidence. *Moore v. Barnhart,* 405 F. 3d 1208, 1211 (11th Cir. 2005) (internal citation omitted). Nevertheless, Plaintiff is incorrect in her contention that the ALJ here rejected her allegations of disabling pain "solely on the basis that they were not supported by objective findings." (Brief at 16). As shown above, the ALJ gave several reasons for finding that the information provided by claimant to be not be entirely credible, including inconsistencies in her statements and her course of treatment and daily activities. As the absence of objective medical evidence was not the basis for the credibility determination, no error is shown. *See Moore, Id.* at 1212. As the ALJ's conclusion is adequately supported, it cannot be disturbed.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. While it is clear that Plaintiff has challenges and difficulties, the only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

The decision of the Commissioner was supported by substantial evidence and was made in accordance with proper legal standards. As such, it is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on August 2, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record